UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cr-00270-TWP-DML |
| | ) | |
| ANGELA BALDWIN, | ) -01 | |
| | ) | |
| Defendant. | ) | |

### ENTRY ON MOTION TO DISMISS

This matter is before the Court on Motion to Dismiss filed pursuant to Federal Rule of Criminal Procedure 12(b)(3) by Defendant Angela Baldwin ("Baldwin") (Filing No. 43). Baldwin is set to be tried by a jury on October 25, 2021, on two counts of Sexual Exploitation of a Minor and Attempted Sexual Exploitation of a Minor, one count of Conspiracy to Produce Visual Depictions of Minors Engaging in Sexually Explicit Conduct, and one count of Possession of Visual Depictions of Minors Engaging in Sexually Explicit Conduct. Baldwin asks for dismissal because she believes the charges are the result of vindictive or selective prosecution. For the following reasons, the Court **denies** the Motion to Dismiss.

### I.     LEGAL STANDARD

The Government retains broad discretion in determining whether, how, and when to bring and prosecute a case. "'[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'" *United States v. Jarrett*, 447 F.3d 520, 525 (7th Cir. 2006) ("*Jarrett II*") (quoting *United States v. Armstrong*, 517 U.S. 456, 464 (1996)). The Constitution does impose some limits on prosecutorial discretion; a

prosecutor may not pursue charges based on race, religion, or "in retaliation for the exercise of a protected statutory or constitutional right." *United States v. Monsoor*, 77 F.3d 1031, 1034 (7th Cir. 1996); *see also Jarrett v. United States*, 822 F.2d 1438, 1443 (7th Cir. 1987) ("*Jarrett I*") (explaining that a defendant's *prima facie* case for selective prosecution includes establishing that he was singled out for prosecution while others similarly situated were not prosecuted and that the alleged selective decision to prosecute him was based on impermissible grounds such as race, religion, or exercise of constitutional rights). While a prosecutor's charging decisions are presumed valid, a hearing is warranted where a defendant "affirmatively show[s] through objective evidence that the prosecutorial conduct at issue was motivated by some form of prosecutorial animus, such as a personal stake in the outcome of the case or an attempt to seek self-vindication." *United States v. Bullis*, 77 F.3d 1553, 1558 (7th Cir. 1996).

Because a claim of vindictive or selective prosecution "'asks a court to exercise judicial power over a special province of the Executive,' courts must begin from a presumption that the government has properly exercised its constitutional responsibilities to enforce the nation's laws." *Jarrett II*, 447 F.3d at 525 (quoting *Armstrong*, 517 U.S. at 464). This "presumption of regularity" can only be overcome by "clear evidence to the contrary," and the standard of proof is a "demanding one." *Id.* Even to obtain a hearing on a claim of vindictive or selective prosecution, a "defendant must offer sufficient evidence to raise a reasonable doubt that the government acted properly in seeking the indictment." *Monsoor*, 77 F.3d at 1034 (internal citation and quotation marks omitted). "Only after a defendant comes forward with objective evidence of actual vindictiveness does the burden shift to the government to show that the motivation behind the charges was proper." *Jarrett II*, 447 at 525.

## II.     DISCUSSION

Baldwin argues that the charges alleged in this matter are the result of vindictive or selective prosecution and, therefore, should be dismissed. She explains that on May 4, 2015, alleged co-conspirator, Russell Taylor ("Taylor") was arrested on multiple charges, including production of child pornography and possession of a child pornography. At that time, Baldwin and Taylor were married. Prior to Taylor's arrest and during a search of their home, multiple electronic devices were recovered, and numerous videos of minors were discovered. Law enforcement conducted extensive investigation into the activities of Taylor after the search of the home. During their investigation in 2015, law enforcement learned of Baldwin's alleged involvement in Taylor's illegal activities. Law enforcement also learned that Baldwin's biological children were some of the victims of Taylor.

Baldwin further explains that formal charges were brought against Taylor on September 1, 2015, by way of information. Other co-conspirators were identified in the information, but Baldwin was not identified as a co-conspirator. On September 1, 2015, Taylor filed a petition to enter a plea of guilty and plea agreement. Then on December 18, 2015, Taylor was sentenced to 324 months in prison. On December 29, 2016, Taylor filed a motion to vacate under 28 U.S.C. § 2255, and on February 28, 2020, the trial court vacated Taylor's conviction.

Baldwin then explains the Government indicted Taylor on the original counts contained in the previously filed information as well as additional counts on May 27, 2020. Taylor was originally charged with thirteen criminal counts, and following the vacatur of his conviction, he was charged with twenty-four counts. Taylor has pled guilty but has not yet been sentenced. Baldwin asserts that, from when Taylor and Baldwin's home was first searched to the time when Taylor's conviction was vacated (five years), there was no mention of prosecuting Baldwin.

Baldwin was not arrested in 2015 or any of the years during which Taylor's motion to vacate was pending. Baldwin was not questioned, surveilled, or otherwise investigated. Until her Indictment in 2020, Baldwin was living with her biological children—the victims of the alleged criminal acts for which she is now charged.

Baldwin concludes,

> In this matter, it is not the timing of the charges filed against Ms. Baldwin that gives rise to questions about the Government's motivations in prosecuting Ms. Baldwin, it is the filing of charges at all. All of the evidence the Government intends to offer in Ms. Baldwin's prosecution was available to law enforcement in 2015, over six (6) years ago. They never acted on that evidence. They only acted on the evidence after Mr. Taylor's conviction was vacated. [] The filing of charges in this matter against this defendant constitutes vindictive prosecution.

(Filing No. 43 at 3.)

The Government responds,

> The Defendant has not met her prima facie burden under either a vindictive or a selective prosecution theory. As a result, the Defendant's motion must be denied. The sole basis of the Defendant's motion is that the Government did not indict her until after the defendant in *United States v. Taylor*, Case. No. 1:20-cr-116-TWP-DML, had obtained relief under [2]8 U.S.C. § 2255. The Defendant cites no legal authority for this argument, nor could she. As discussed below, the Seventh Circuit has clearly stated that the timing of a federal prosecution is an insufficient basis for either a selective or a vindictive prosecution claim. This legal impediment may explain the Defendant's attempts to argue that her motion is not based on timing ("[i]n this matter, it is not the timing of the charges filed against Ms. Baldwin that gives rise to questions about the Government's motivations in prosecuting Ms. Baldwin" (Docket No. 49 ¶ 11)), while confirming sentences later that timing is the sole basis of her motion ("[the Government] only acted on the evidence after Mr. Taylor's conviction was vacated" (*id.*)).

(Filing No. 46 at 3–4.)

Pointing to the Seventh Circuit's decision in *Jarrett II*, the Government notes that "[t]he timing of a federal prosecution, alone, cannot change a legitimate exercise of normal prosecutorial discretion into a vindictive prosecution." *Jarrett II*, 447 F.3d at 528. The Government argues that Baldwin has offered nothing beyond the timing of the grand jury's Indictment. She has not offered

4

any evidence showing that the charges against her resulted from any bias or animus towards her. The timing of the Indictment concerned the Government's close review of the evidence. The Government asserts that the evidence in this case is both technical and delicate, and it includes forensic analyses of numerous electronic devices and interviews of multiple victims, three of whom are blood relatives of Baldwin, and all of whom were minors when they were victimized. The Government contends that building rapport with victims takes time, especially when, as here, the victims were abused and exploited by a relative. "Waiting to build a stronger case before pursuing an indictment is evidence of responsible, rather than vindictive, government behavior." *Id.* at 530. That is precisely what the Government did here, and Baldwin has not even attempted to show otherwise.

Additionally, the Government asserts, Baldwin does not even attempt to claim that she has been singled out for prosecution while other similarly situated violators were not prosecuted; in fact, in 2020, the Government charged thirty individuals with Sexual Exploitation of a Minor. Baldwin quite simply has not been singled out. And she also does not allege that the Government's decision to prosecute her was based on an arbitrary classification such as race, religion, or due to her exercise of her constitutional rights. Baldwin hints that she is being prosecuted because Taylor, her ex-husband, prevailed on his § 2255 claim. The Government notes that this is false; however, even if it was true, Baldwin's Motion is still unavailing because selective or vindictive prosecution requires animus toward her, not toward another defendant.

Upon review of the parties' arguments and the Seventh Circuit case law concerning vindictive or selective prosecution, the Court concludes that the Government's position is well-taken. Baldwin has presented no evidence to support a finding that her prosecution was pursued in a vindictive or selective manner. There is no evidence of pursuing charges based on race, religion,

or in retaliation for the exercise of a protected statutory or constitutional right. There is no evidence that Baldwin has been singled out for prosecution. Furthermore, there is no evidence or indication that a personal stake in the outcome or self-vindication is at play. Baldwin has simply presented speculation about the timing of her Indictment following her ex-husband's successful § 2255 claim. This is not enough to obtain dismissal for vindictive or selective prosecution.

### III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Angela Baldwin's Motion to Dismiss (Filing No. 43), and the prosecution of this criminal matter may continue.

**SO ORDERED.**

Date:   10/1/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov

Dorie Ann Maryan
MARYAN LAW
doriemaryan@gmail.com