UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:20-cr-00270-TWP-DML |
| ) | |
| ANGELA BALDWIN, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON GOVERNMENT'S *SANTIAGO* PROFFER**

The Government has submitted a proffer in accordance with *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978), in support of the admissibility of co-conspirator statements during the trial scheduled for October 25, 2021. ([Filing No. 36](#).) For the reasons explained below, the Government's Proffer is **conditionally accepted**.

**I. LEGAL STANDARD**

A conspiracy exists where two or more persons join together to commit an unlawful act. *United States v. Navarreti*, 125 F.3d 559, 562 (7th Cir. 1997). A person becomes a member of a conspiracy when they know about the conspiracy and intentionally agree to join it. *United States v. Bey*, 725 F.3d 643, 648 (7th Cir. 2013). Federal Rule of Evidence 801(d)(2)(E) provides that statements by co-conspirators made during the course and in furtherance of the conspiracy is not hearsay excluded under Rule 802. When a statement of a co-conspirator which would otherwise have been regarded as hearsay is proffered, a preliminary question arises under Rule 104 of the Federal Rules of Evidence. Rule 104 requires a preliminary determination by the trial judge as to the admissibility of the declaration of a co-conspirator. Under Rule 104, the competence of a co-conspirator declaration justifying its admissibility depends upon whether or not the existence of the

conspiracy has been sufficiently established by independent evidence, and whether under Rule 801(d)(2)(E) the declaration was made during the course and in furtherance of the conspiracy. The Government does not need to provide the specific statements of each declarant to satisfy the standards of a *Santiago* proffer. *United States v. McClellan*, 165 F.3d 535, 553 (7th Cir. 1999).

The trial judge retains the option of conditionally admitting the co-conspirator declaration evidence before the conspiracy has been independently established, but subject to the subsequent fulfillment of that critical condition. The standard to be applied during this competency determination is, "…if it is more likely than not that the declarant and Defendant were members of a conspiracy when the hearsay statement was made, and that the statement was in furtherance of the conspiracy, the hearsay is admissible." *Santiago at* 1128. In addition, the existence of a criminal conspiracy may be proven entirely by "way of circumstantial evidence." *United States v. Viezca*, 265 F. 3d 593, 597 (7th Cir. 2001).

## II. DISCUSSION

On October 28, 2020, a federal grand jury returned a four-count Indictment against Defendant Angela Baldwin ("Baldwin"), charging her with Sexual Exploitation of a Minor, Conspiracy to Produce Visual Depictions of Minors Engaging in Sexually Explicit Conduct, and Possession of Visual Depictions of Minors Engaging in Sexually Explicit Conduct. (Filing No. 1.) The Indictment alleges that Baldwin, alone and in conspiracy with other individuals, including her ex-husband Russell Taylor ("Taylor"), sexually exploited multiple minor children--some of whom were related to Baldwin or friends of family members--between roughly 2012 and 2015, by producing child pornography to fulfill the deviant sexual desires of the members of the conspiracy. Baldwin allegedly conspired with Taylor to place hidden cameras in their residence in order to surreptitiously record minor children fully nude with their genitals exposed and/or engaging in

sexual behavior. In addition, several of the victims have alleged instances of hands-on sexual abuse by Baldwin. In addition to reviewing the hidden camera footage with Taylor, Baldwin also allegedly distributed to Taylor videos that show Baldwin abusing and sexually exploiting a minor child.

> The Government proffers that it will establish the following evidence at trial.
>
> [I]in April 2015, a search warrant was executed at [1304 Salem Creek Boulevard, Indianapolis, Indiana] the house that [Baldwin] shared with [] Taylor. During the search, officers found child pornography on multiple electronic devices in the residence, including images and videos that appeared to have been created in the residence. Based on the camera angles of some of the videos, officers determined that there were likely hidden cameras in the house. And, in fact, hidden cameras designed to look like clocks were found in the master bedroom and the upstairs hall bathroom.
>
> The officers were able to identify, and interview, the minor children depicted in the images and videos.

([Filing No. 36 at 4](#)) (footnote omitted).

The Government describes in explicit detail the sexual activities depicted in the images and videos involving Minor Victims 1, 2, H.P., and C.S; as well as the communications between Baldwin, Taylor, and Jared Fogle ("Fogle") concerning the images and videos.

Minor Victim 1 was a relative of Baldwin who is depicted in more than ten videos that were created between 2012 and 2014. Minor Victim 1 will testify that beginning when she was in 7th or 8th grade, Taylor offered to pay her to do data entry at his home office. Minor Victim 1 was not 16 and could not drive, so Taylor picked her up from her house and drove her to his home office. Minor Victim 1 will testify that she never did any clerical work for Taylor and that whenever Baldwin or Taylor picked her up to do data entry, work on spreadsheets, or do other secretarial-type work, she actually engaged in sexual activity and she was paid by Taylor and/or Baldwin for that sexual activity. This sexual activity includes masturbation, oral sex with both Baldwin and

3

Taylor, and intercourse with both Baldwin and Taylor.  Videos exist of Minor Victim 1 engaging in all of these activities with Baldwin and/or with Taylor, which will corroborate Minor Victim 1's testimony.  There are also numerous text messages between Baldwin and Taylor and between Taylor and Fogle, discussing the sexual abuse of Minor Victim 1.

Minor Victim 2 is Baldwin's niece.  Minor Victim 2 will testify that when she was 9 years old, she was molested by Baldwin at the residence that Baldwin shared with Taylor.  Minor Victim 2 also disclosed that on one occasion, she watched age-inappropriate videos containing sexual conduct with Baldwin and Taylor.  Later, Baldwin texted Taylor about sex acts that she would "like to be doing" to Victim 2, and sent videos of sex acts.

H.P. is Baldwin's daughter.  Text messages between Baldwin and Taylor establish their shared sexual interest in H.P. and reveal that they both contemplated drugging H.P. so that they could sexually exploit her.  Baldwin and Taylor exchanged text messages concerning these activities. Text messages between Baldwin and Taylor also concerned obtaining nude photographs of H.P. to determine whether H.P. had pubic hair, and discussions about how to get a nude photograph of H.P. while she is asleep.  Baldwin sent photographs to Taylor of H.P. in a swimsuit on June 21, 2012.  Four days later, Taylor referenced masturbating to those photographs in text messages with Baldwin.  The Government contends the text messages between Baldwin and Taylor establish that they were working together to review the footage from the hidden cameras and that they were aroused by nude images and videos of H.P.

C.S. is Baldwin's other daughter.  C.S. will testify that when she stayed at the house that Baldwin and Taylor shared, they would encourage her to get onto a webcam-based chat website (Omegle) and engage in sexual activity by exposing her breasts or masturbating.  C.S. will also testify that Baldwin and Taylor left sex toys around the house, which they encouraged C.S. to use

4

to masturbate.  The Government alleges there are text messages in which Baldwin and Taylor discuss their hopes of getting C.S. to masturbate in front of a hidden camera.

Based on the foregoing evidence and evidence proffered in detail in the *Santiago* statement, the Government contends a conspiracy to possess child pornography existed.  As described in the Proffer, the Government seeks to introduce the co-conspirator statements, including statements made in text messages, by Taylor and Fogle and argues they are admissible against Baldwin.  *See* Fed. R. Evid. 801(d)(2)(E); *see also McClellan*, 165 F.3d at 553-54 (holding that government's *Santiago* proffer need not list out each and every co-conspirator statement).

### III.  CONCLUSION

Baldwin has filed no objection to the conditional admission of the co-conspirator statements alleged in the Government's *Santiago* Proffer.  The Court has reviewed the Proffer in detail.  The Proffer sets forth a coherent and facially plausible story that does not, at the present time, appear to be contradicted by extrinsic evidence.  *See United States v. Brookins*, 52 F.3d 615, 623 (7th Cir. 1995).  The Government's Proffer provides sufficient direct and circumstantial evidence to convince the Court by a preponderance of the evidence that:  (1) a conspiracy existed; (2) Baldwin and the declarant were members of the conspiracy; and (3) the statements were made during, and in furtherance of, the conspiracy.  *United States v. Davis*, 845 F.3d 282, 286 (7th Cir. 2016).  Therefore, the Court finds the Government's Proffer is sufficient for present purposes.

The co-conspirator statements summarized by the Government in its Proffer are hereby conditionally admitted pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence at the trial of this matter, subject to Baldwin's right to later object if the proffered evidence does not materialize.  Further, nothing in this Entry precludes the Court's ability to divert from these preliminary findings based on evidence produced at trial.  The Government's *Santiago* Proffer,

(Filing No. 36), is **conditionally accepted**.

    **SO ORDERED.**

Date: 10/4/2021

                                                      Hon. Tanya Walton Pratt, Chief Judge
DISTRIBUTION:                             United States District Court
                                                     Southern District of Indiana

Dorie Ann Maryan
MARYAN LAW
doriemaryan@gmail.com

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov